1 | Vy T. Pham, Esq.
California Bar No. 249911
2 | MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
3 | Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
4 | File No. 10-01842

5 | Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING,
6 | LP

7

8

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re: | Case No.: 2:10-24657-EC |
| MIGUEL ANGEL PERALTA, | Chapter 13 |
| Debtor. | **OBJECTIONS TO PROPOSED FIRST AMENDED CHAPTER 13 PLAN AND CONFIRMATION THEREOF** |
| | **Confirmation Hearing –**
Date:  June 24, 2010
Time:  01:30 P.M.
Place:  U.S. BANKRUPTCY COURT
   255 E. Temple St.
   Los Angeles, CA 90012
   Courtroom 1639 |

COMES NOW, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME

LOANS SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding and

submits the following Objections to the Confirmation of the above-captioned First Amended

Chapter 13 Plan.

///

///

1       This Secured Creditor holds the Trust Deed on the Debtor's property generally described

2  as **15615 South Washington Avenue, Compton, CA 90221** and legally described as:

3      LOT 8 IN BLOCK "B", OF TRACT NO. 6307, IN THE COUNTY OF LOS
      ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK

4      67 PAGES 33 AND 34 OF MAPS, IN THE OFFICE OF THE COUNTY
      RECORDER OF SAID COUNTY.

5

6       As of April 16, 2010, the amount in default was $24,662.28, representing monthly

7  payments and late charges due from January 1, 2009 through April 1, 2010; advances for taxes

8  and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the

9  default.

10      Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a

11  Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as

12  a condition to confirmation.

13      The First Amended Chapter 13 Plan provides for payment of Secured Creditor's pre-

14  petition arrears under Class 2 in the amount $24,662.28. Debtor is to make direct ongoing post-

15  petition payments. However, Section V of the same Plan indicates that Debtor is surrendering

16  the subject property. Debtor's Plan is inconsistent with respect to its treatment of Secured

17  Creditor. Attached hereto as **Exhibit "1"** is a copy of the Debtor's First Amended Chapter 13

18  Plan.

19      The Debtor has failed to comply with 11 U.S.C. §1322(b)(5). Since filing the instant

20  bankruptcy petition, Debtor has failed to maintain the regular monthly Trust Deed payments.

21  Accordingly, the Plan may not be confirmed. [Local Bankruptcy Rule 3015-1(m)(2)].

22                   CONCLUSION

23      Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and

24  eliminate the Objections specified above in order to be reasonable and to comply with applicable

1  provisions of the Bankruptcy Code.  It is respectfully requested that confirmation of the Debtor's

2  proposed First Amended Chapter 13 Plan be denied and the case be dismissed.

3        WHEREFORE, Secured Creditor prays as follows:

4        (1)   That confirmation of the proposed First Amended Chapter 13 Plan be denied.

5        (2)   For dismissal of the Chapter 13 proceeding.

6        (3)   For such other relief as this Court deems proper.

7                              MILES, BAUER, BERGSTROM & WINTERS, LLP

8  Dated:    7/19/10            By:    /s/ Vy T. Pham
                                        Vy T. Pham, Esq.
9                                       Attorney for Movant

1

## PROOF OF SERVICE

2       I, _____Zalikah K. Mukiibi_____, certify that I am a resident of Orange County, I am

3   over the age of eighteen (18) and not a party to the within action, and that my business address

4   is: 1231 E. Dyer Road, Suite 100, Santa Ana, CA 92705.

5       On ____7/19/10_____, I served the within **OBJECTIONS TO**

6   **PROPOSED FIRST AMENDED CHAPTER 13 PLAN AND CONFIRMATION**

7   **THEREOF** on all interested parties in this proceeding by placing a true and correct copy thereof

8   enclosed in a sealed envelope with postage pre-paid in the United States Mail at Santa Ana,

9   California, addressed as follows:

10  DEBTOR:                                      ATTORNEY FOR DEBTOR:
    Miguel Angel Peralta                         John L. Ogletree
11  15615 S. Washington Ave.                     Law Offices of John L. Ogletree
    Compton, CA 90221                            3317 W. Beverly Blvd. Suite 101
12                                               Montebello, CA 90640
    U.S. TRUSTEE:
13  Ernst & Young Plaza                          CHAPTER 13 TRUSTEE:
    725 South Figueroa Street, 26th Floor        Kathy A. Dockery
14  Los Angeles, CA 90017                        700 South Flower Street, Suite 1950
                                                 Los Angeles, CA 90017

15

16

17      I certify that I am employed in the Office of a Member of the Bar at whose direction the

18  Service was made.

19      I declare under penalty of perjury that the foregoing is true and correct.

20      Executed this __7/19/10_____, at Santa Ana, California.

21

    /s/ Zalikah K. Mukiibi_____
22  10-01842

23

24

| Name | John Ogletree |
|---|---|
| Address | Law Offices of John Ogletee |
| | 3101 W. Beverly Blvd, Suite 203 |
| | Montebello, CA 90640 |
| Telephone | 323-488-9043   (FAX)   323-316-9617 |

■ Attorney for Debtor
State Bar No. 156175

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. 2:10-bk-24657-EC |
|---|---|
| Miguel Angel Peralta<br>AKA Miguel Angel Salas Peralta | **1st AMENDED<br>CHAPTER 13 PLAN**<br><br>CREDITORS MEETING:<br>Date:    5/21/10<br>Time:<br>Place:<br>CONFIRMATION HEARING:<br>Date:    6/24/10<br>Time:    1:30pm<br>Place:   255 E. Temple Street, Los Angeles, CA |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT 1

5

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$406.68** per month for **2** months, then **$710.88** per month for **58** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **42,044.40** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
            NONE

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT 1

6

II.  **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENTS:

　　1.  If there are Domestic Support Obligations, the order of priority shall be:

　　　　(a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

　　　　(b)  Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

　　2.  If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

　　3.  Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

　　4.  Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

　　5.  No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1

Best Case Bankruptcy

**EXHIBIT** 1

Case 2:10-bk-24657-EC   Doc 37   Filed 07/19/10   Entered 07/19/10 15:04:11   Desc
Case 2:10-bk-24657-EC   Doc 36   Filed 07/09/10   Entered 07/10/10 00:02:34   Desc
Main Document   Page 8 of 14
Main Document   Page 5 of 11
Chapter 13 Plan (Rev. 12/09) - Page 5
2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐   The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■   The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

BAC Home Loan Servicing, Lp        xxxxx7810
   (name of creditor)          (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| BAC Home Loan Servicing, Lp | xxxxx7810 | $24,662.28 | 0 | $616.56 | 40 | $24,662.28 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Chapter 13 Plan (Rev. 12/09) - Page 6                                                                    2009 USBC, Central District of California

### CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____              _____
(name of creditor)                                            (last 4 digits of account number)

_____              _____
(name of creditor)                                            (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

### CLASS 5

#### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  $111,801.00 .
Class 5 claims will be paid as follows:

(Check one box only.)

■    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $  0.00  which is estimated to pay   0 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT  1

9

Chapter 13 Plan  (Rev. 12/09) - Page 7                                              2009 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $4,000.00 |
| CLASS 1b | $9,215.50 |
| CLASS 1c | $0.00 |
| CLASS 2 | $24,662.28 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.22 |
| SUB-TOTAL | $37,878.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $4,166.40 |
| TOTAL PAYMENT | $42,044.40 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

  Name of Other Party:                  Description of contract/lease:
  -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

  Name of Other Party:                  Description of contract/lease:
  -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

  Creditor Name:                        Monthly Payment:
  -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

  Creditor Name:                        Description:
  BAC Home Loan Servicing, Lp           Single Family Residence
                                        Location: 15615 S. Washington Ave, Compton CA 90221

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT 1

Chapter 13 Plan  (Rev. 12/09) - Page 8                                                                           2009 USBC, Central District of California

## VI.   REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:   July 9, 2010 _____                      /s/ John Ogletree _____
                                                                                    John Ogletree
                                                                                        156175
                                                                              Attorney for Debtor(s)


                                                                              /s/ Miguel Angel Peralta _____
                                                                                Miguel Angel Peralta
                                                                                        Debtor

*Revised December 2009*                                                          **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                        Best Case Bankruptcy

EXHIBIT 1

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED:    July 9, 2010                                    John Ogletree
                                                          Print or Type Name


                                                          Signature


(SEE ATTACHED MAILING LIST.)

EXHIBIT    1

Miguel Angel Peralta
15615 S. Washington Ave
Compton, CA 90221


John Ogletree
Law Offices of John Ogletee
3101 W. Beverly Blvd, Suite 203
Montebello, CA 90640


BAC Home Loan Servicing, Lp
PO Box 10219
Van Nuys, CA 91410


BAC Home Loan Servicing, Lp
PO Box 10219
Van Nuys, CA 91410


Bank of America
1825 E Buckeye Rd.
Phoenix, AZ 85037


Chase
P.O. Box 94014
Palatine, IL 60094


GE Money Bank
P. O. Box 981284
El Paso, TX 79998


HFC
P.O. Box 5233
Carol Stream, IL 60197


EXHIBIT   1

JCPenny
PO Box 981131
El Paso, TX 79998


Macys
PO BOX 689195
Des Moines, IA 50368


Wells Fargo Card Services
1220 Concord Ave
Concord, CA 94520

EXHIBIT 1